IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,612-01






EX PARTE ELOY JASSO CEDILLO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-0256-03-D IN THE 206TH DISTRICT COURT


FROM HIDALGO COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of
aggravated sexual assault of a child and eight counts of indecency with a child and sentenced to 25
years' confinement on the aggravated sexual assault count and 15 years' confinement on the
indecency counts. The Thirteenth Court of Appeals affirmed his convictions. See Cedillo v. State,
No. 13-03-00689-CR, (Tex. App. - Corpus Christi, 2007, pet ref.) (not designated for publication.)

 Applicant contends inter alia that his trial counsel rendered ineffective assistance because
counsel failed to object to the admission of E.G.'s testimony concerning an extraneous offense on
the basis that it was irrelevant and that its probative value was outweighed by its prejudicial effect. 
He also alleges that counsel was ineffective because he failed to request a limiting instruction with
regards to the jury's use of E.G.'s testimony concerning an extraneous offense when it was admitted
and again in the final jury charge. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall provide Applicant's trial counsel with the opportunity to
respond to Applicant's claims of ineffective assistance of counsel in that it shall order counsel to file
an affidavit addressing: (1) whether counsel objected to E.G.'s testimony on the basis that it was
irrelevant and that its probative value was outweighed by its prejudicial effect, and, if not, shall detail
the strategic reason for not objecting; and, (2) whether counsel requested a limiting instruction with
regards to the jury's use of E.G.'s testimony concerning an extraneous offense when it was admitted
and again in the final jury charge and, if not, the strategic reason for not requesting such instructions. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
Specifically, the trial judge shall make findings of fact as to whether counsel objected to E.G.'s
testimony on the basis that the testimony was irrelevant and that its probative value was outweighed
by its prejudicial effect and, if not, as to why counsel did not object. The trial judge shall also make
findings of fact as to whether counsel requested a limiting instruction with regards to the jury's use
of E.G.'s testimony concerning an extraneous offense when it was admitted and again in the final
jury charge and, if not, as to why counsel did not request such instructions. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: November 5, 2008

Do not publish